JAMIE K. SERB (WSBA No. 62065)
jamie@crosnerlegal.com
Matthew E. Crawford (WSBA No. 65147)
mcrawford@crosnerlegal.com
**CROSNER LEGAL, P.C.**
92 Lenora Street, #179
Seattle, WA 98121
Telephone: (866) 276-7637
Facsimile: (310) 510-6429
*Attorneys for Plaintiff Arturo Palacios Jr.*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WASHINGTON**

ARTURO PALACIOS JR., individually and on behalf of all similarly situated individuals pursuant to 29 U.S.C. § 216(b), and on behalf of all others similarly situated,

Plaintiff,

v.

RDO EQUIPMENT CO.; and DOES 1-20, inclusive,

Defendants.

Case No.:

**CLASS AND COLLECTIVE ACTION COMPLAINT FOR:**

**1. Failure to Compensate for Noncompliant Meal and Rest Periods (RCW 49.12; WAC 296-126-092)**
**2. Failure to Pay Minimum Wages (RCW 49.46, *et seq.*)**
**3. Failure to Pay Overtime Wages (RCW 49.46.130)**
**4. Violations of the Fair Labor Standards Act (29 U.S.C. §§ 201 *et seq.*)**

**DEMAND FOR JURY TRIAL**



**CROSNER LEGAL, P.C.**
92 Lenora Street, #179
Seattle, WA 98121
Tel. (866) 276-7637
Fac. (310) 510-6429

Plaintiff, Arturo Palacios Jr. ("Plaintiff"), by and through the undersigned attorneys, individually and on behalf of all similarly situated individuals pursuant to 29 U.S.C. § 216(b), and on behalf of all others similarly situated, alleges as follows:

## NATURE OF THE ACTION

1. This is a proposed wage-and-hour collective and class action brought under the Washington Industrial Welfare Act ("IWA"), the Washington Minimum Wage Act ("MWA"), and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, et seq., seeking injunctive relief and damages for Defendants' failure to provide and pay for legally required meal and rest breaks; failure to pay all owed minimum wages; failure to pay all owed overtime wages; and failure to compensate Plaintiff and similarly situated employees for all hours worked in violation of the FLSA.

## JURISDICTION & VENUE

2. This Court has original subject matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b), as those claims arise under the laws of the United States.

3. This Court has supplemental jurisdiction over Plaintiff's Washington state law claims pursuant to 28 U.S.C. § 1367(a), as those claims are so related to the FLSA claims that they form part of the same case or controversy under Article III of the United States Constitution.

4. Venue is proper in the Eastern District of Washington pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district —



**CROSNER LEGAL, P.C.**
92 Lenora Street, #179
Seattle, WA 98121
Tel. (866) 276-7637
Fac. (310) 510-6429

specifically, at Defendants' equipment sales and service facility located in Sunnyside, Washington, which is situated within Yakima County in the Eastern District of Washington — and because Defendants are subject to personal jurisdiction in this district.

## THE PARTIES

5. Plaintiff is, and at all relevant times, was an individual domiciled in the State of Washington and a citizen of the State of Washington. Plaintiff worked for Defendants as a parts specialist and/or a similar job title/position from approximately February 2022 through September 2025.

6. Defendant, RDO Equipment Co. ("Defendants" or "RDO Equipment"), is a Delaware company doing business in the State of Washington. Defendants own, operate, manage, and/or staff employees to sell, service, and support intelligently connected agriculture, construction, environmental, irrigation, positioning, and surveying equipment. Defendants operate a comprehensive machinery retail and support business, providing heavy equipment from leading manufacturers such as John Deere, Vermeer, and Topcon. Defendants maintain a location in Tumwater, Washington, to facilitate their continuous and systematic operations within the state. Through their business operations, Defendants transact business and manage hourly employees to facilitate the sale, maintenance, and support of machinery, equipment, computers, and furniture to customers throughout the region. Defendants operate multiple locations throughout Washington State, including but not limited to in the following Washington cities: Pasco, Coulee City, Moses Lake, Ritzville, Othello, Kennewick, and Sunnyside. At all



**CROSNER LEGAL, P.C.**
92 Lenora Street, #179
Seattle, WA 98121
Tel. (866) 276-7637
Fac. (310) 510-6429

relevant times, Defendants were "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce" within the meaning of the FLSA, 29 U.S.C. § 203, and, based on information and belief, grossed more than $500,000 in each of the last three calendar years.

7. Additional individuals, known to Defendant RDO Equipment but not yet identified by Plaintiff (and identified herein as Does 1-20) manage employees on behalf of RDO Equipment and are statutory employers under Washington law because of their managerial role with the company. Does 1-20 are also "employers" within the meaning of the FLSA, 29 U.S.C. § 203(d), to the extent they acted directly or indirectly in the interest of RDO Equipment in relation to Plaintiff and the FLSA Class.

## CLASS ALLEGATIONS

8. Plaintiff brings this action on behalf of Plaintiff, and all others similarly situated as a proposed class action pursuant to CR 23. The Class that Plaintiff seeks to represent is defined as follows:

> **Class Members**: All current and former non-exempt, hourly-paid employees who worked for any one or more of the Defendants at any location in Washington State at any time from three years prior to the filing of the Complaint through the date of the Court's order certifying the Class ("Class Period").

9. Plaintiff additionally brings the FLSA claim as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of himself and all similarly situated



**CROSNER LEGAL, P.C.**
92 Lenora Street, #179
Seattle, WA 98121
Tel. (866) 276-7637
Fac. (310) 510-6429

individuals employed by Defendants as non-exempt employees in the United States at any time within three years prior to the filing of this Complaint ("FLSA Class"). Plaintiff's Consent to Sue pursuant to 29 U.S.C. § 216(b), signed June 5, 2026, is attached hereto as Exhibit 1. Other FLSA Class members may sign Consent to Sue forms and join as opt-in plaintiffs in this action in the future.

10. Plaintiff reserves the right to amend or modify the class and collective descriptions with greater specificity, by division into further subclasses, or by limitation to particular issues.

11. There are at least fifty current and former hourly-paid employees of Defendants in the Class. Given Defendants' systematic failure to comply with Washington wage and hour laws and the FLSA regarding the payment of missed and/or interrupted rest periods and late, missed, and/or interrupted first meal periods, and the underpayment of wages, the members of the Class and the FLSA Class are so numerous that joinder of all members is impractical.

12. Plaintiff's claims are typical of the claims of the Class Members because (1) Plaintiff is a member of the putative class; (2) Plaintiff's claims stem from the same practice or course of conduct that form the basis of the Class claims; (3) All of the Class claims are based on the same facts and legal theories; (4) The injuries that Plaintiff suffered are similar to the injuries that other Class Members suffered and continue to suffer, and they are relatively small compared to the expenses and burden of individual prosecutions of this litigation.

13. Plaintiff will fairly and adequately represent the interests of the Class. Plaintiff has no conflict of interest with any Class Member.

14. Plaintiff has retained competent and experienced counsel in complex class action litigation. Plaintiff's counsel has the expertise and financial resources to adequately represent the interests of the Class.



**CROSNER LEGAL, P.C.**
92 Lenora Street, #179
Seattle, WA 98121
Tel. (866) 276-7637
Fac. (310) 510-6429

15. Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class. Among the questions of law and fact common to Plaintiff and Class Members are the following:

a. Whether Defendants violated WAC 296-126-092 by failing to provide statutory meal periods and rest periods, and failing to compensate Plaintiff and Class Members for missed and/or otherwise noncompliant rest periods and late, missed, interrupted and/or otherwise noncompliant meal periods, as well as the lost opportunity to have the respite of a meal and/or rest period;

b. Whether Defendants have an official or unofficial policy, custom, pattern, and practice of understaffing their locations and permitting or requiring Plaintiff and Class Members to work through meal and/or rest periods, have interrupted meal and/or rest periods, or have untimely meal and/or rest periods;

c. Whether Defendants maintained an adequate system for scheduling Plaintiff's and Class Members' rest periods;

d. Whether Defendants maintained an adequate system for ensuring that Plaintiff and Class Members could take timely meal and/or rest periods;

e. Whether Defendants maintained an adequate system to record missed, late, interrupted and/or otherwise noncompliant meal and/or rest periods;

f. Whether Defendants have insufficient record-keeping on a systemic level;

g. Whether Defendants' violations of wage and hour laws were willful and are, therefore, liable for double damages under RCW 49.52.050 and



**CROSNER LEGAL, P.C.**
92 Lenora Street, #179
Seattle, WA 98121
Tel. (866) 276-7637
Fac. (310) 510-6429

49.52.070;

h. Whether Defendants violated RCW 49.46.130 by failing to pay Plaintiff and Class Members for overtime wages due at the rate of 1.5 times their regular rate of pay for all hours worked over 40 hours per week, inclusive of hours worked when working through their meal and/or rest breaks and/or for the meal and/or rest periods that were not provided or interrupted;

i. Whether Defendants deprived Class Members of earned wages by failing to furnish all owed paid sick leave at the correct rate of pay;

j. Whether Defendants violated the FLSA by failing to compensate Plaintiff and FLSA Class members for all hours worked, including time worked off-the-clock during unpaid meal periods that were interrupted, shortened, or missed entirely, and time worked before clocking in for the start of shifts, after clocking out at the end of shifts, and/or otherwise outside of scheduled shift times;

k. Whether Defendants' FLSA violations were willful within the meaning of 29 U.S.C. § 255(a);

l. Plaintiff anticipates that Defendants' defenses will also raise common questions of law and fact; and

m. The nature and extent of class-wide and collective damages and the measure of damages for the Class and the FLSA Class. Class action treatment is superior to any alternative to ensure the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without duplication of effort, or expense that numerous individuals would otherwise entail. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class



**CROSNER LEGAL, P.C.**
92 Lenora Street, #179
Seattle, WA 98121
Tel. (866) 276-7637
Fac. (310) 510-6429

action, and no superior alternative exists for the fair and efficient adjudication of this controversy. The Class Members are readily identifiable from Defendants' employee rosters and/or payroll records.

16. Defendants' actions are generally applicable to each of the Class Members. Prosecution of separate actions by individual members of the Class creates the risk of inconsistent or varying adjudications of the issues presented herein, which in turn, would establish incompatible standards of conduct for Defendants.

17. Because joinder of all members is impractical, a class action is superior to other available methods for the fair and efficient adjudication of this controversy. Furthermore, the amounts at stake for many of the Class, while substantial, may not be sufficient to enable them to maintain separate suits against Defendants.

## FACTUAL BACKGROUND

18. During the Class Period, Plaintiff and each of the Class Members worked for Defendants in the State of Washington.

19. Defendants assigned Plaintiff to work at one of Defendants' locations in Sunnyside, Washington.

20. Throughout Plaintiff's employment, Plaintiff typically worked shifts lasting at least approximately eight (8) to eleven (11) hours long. At times, Plaintiff worked more than forty (40) hours in a workweek.

21. Defendants compensated Plaintiff with a base hourly rate for time counted by Defendants as hours worked. Plaintiff's base hourly rate ranged from approximately $18.50 per hour at the start of employment through $24.00 per hour by the end of employment, with multiple pay increases during employment. In



**CROSNER LEGAL, P.C.**
92 Lenora Street, #179
Seattle, WA 98121
Tel. (866) 276-7637
Fac. (310) 510-6429

addition to Plaintiff's base hourly rate, Defendants periodically paid Plaintiff on-call supplemental compensation, bonus/incentive pay and/or other non-discretionary compensation.

**Meal and Rest Period Violations**

22. Washington law demands that employees be allowed a meal period of at least thirty minutes that starts no less than two hours nor more than five hours from the beginning of the shift and prohibits any employee from being required to work more than five consecutive hours without or between meal periods. Washington law also requires a 10-minute rest break every four hours. WAC 296-126-092(1)–(4).

23. Defendants sometimes failed to provide compliant meal and rest periods for employees in Washington State. Hourly employees, including Plaintiff, sometimes worked through required breaks, were forced to take them late, or were not given them at all.

24. For example, Plaintiff was sometimes forced to take a meal period after working more than five hours. A sample of Defendants' time records for Plaintiff shows that Plaintiff was frequently required to work more than five (5) consecutive hours before clocking out for a meal period. For example, on June 19, 2023, Plaintiff clocked in at 7:49 a.m. and did not take a meal break until 2:15 p.m. On June 20, 2023, Plaintiff clocked in at 8:00 a.m. and did not take a meal break until 1:37 p.m. On June 21, 2023, Plaintiff clocked in at 7:59 a.m. and did not take a meal break until 3:11 p.m. On July 6, 2023, Plaintiff clocked in at 7:51 a.m. and did not take a meal break until 1:50 p.m. On July 7, 2023, Plaintiff clocked in at 7:45 a.m. and did



**CROSNER LEGAL, P.C.**
92 Lenora Street, #179
Seattle, WA 98121
Tel. (866) 276-7637
Fac. (310) 510-6429

not take a meal break until 2:12 p.m. On July 10, 2023, Plaintiff clocked in at 7:59 a.m. and did not take a meal break until 2:41 p.m. On July 17, 2023, Plaintiff clocked in at 7:53 a.m. and did not take a meal break until 2:06 p.m. On July 18, 2023, Plaintiff clocked in at 7:52 a.m. and did not take a meal break until 1:47 p.m.

25. Approximately once per week, Plaintiff's meal periods were interrupted or missed completely due to the need to complete assigned work tasks, including but not limited to, the pickup and delivery of equipment that needed to be completed during what was designated as Plaintiff's unpaid meal period. The time required to complete these deliveries varied depending on the delivery location, with some deliveries taking at least approximately 20 minutes and others taking at least approximately one hour. On some occasions when a delivery was required during a meal period, Plaintiff was sometimes forced to return to work while clocked out for his meal period and sometimes Plaintiff was required to work through his meal period completely due to the need to complete deliveries/pickups and/or complete other work tasks. At times, Plaintiff had to complete these work tasks clocking back in, resulting in uncompensated work time.

26. Based on information and belief, Plaintiff was interrupted during a meal period on one or more days during workweeks beginning on, including but not limited to, the following dates: the workweek beginning July 10, 2023, the workweek beginning July 17, 2023, and the workweek beginning July 31, 2023.

27. Plaintiff and Class Members were also sometimes required to take shortened meal periods due to the need to complete assigned job



CROSNER LEGAL, P.C.
92 Lenora Street, #179
Seattle, WA 98121
Tel. (866) 276-7637
Fac. (310) 510-6429

duties and/or because they were required to return to work by a particular time and had to end their meal period before 30 minutes elapsed. For example, a sample of Defendants' time records for Plaintiff shows a clock out for a meal period of less than thirty minutes in length on the following dates: July 19, 2023, July 20, 2023, August 23, 2023, and August 24, 2023.

28. Plaintiff and Class Members were also sometimes required to work during meal breaks and/or miss their meal breaks completely. For example, a sample of Defendants' time records for Plaintiff shows that Plaintiff sometimes worked more than five (5) consecutive hours without any recorded meal break. For example, on June 15, 2023, Plaintiff worked from 7:53 a.m. to 5:02 p.m. (9.15 hours) with no meal break recorded. On June 16, 2023, Plaintiff worked from 7:57 a.m. to 4:40 p.m. (8.72 hours) with no meal break recorded. On July 3, 2023, Plaintiff worked from 7:50 a.m. to 5:08 p.m. (9.30 hours) with no meal break recorded. On July 13, 2023, Plaintiff worked from 7:58 a.m. to 5:01 p.m. (9.05 hours) with no meal break recorded. On July 24, 2023, Plaintiff worked from 7:57 a.m. to 4:02 p.m. (8.08 hours) with no meal break recorded.

29. When Class Members worked three (3) or more hours beyond their normal workday, they did not receive a second meal period.

30. For example, when Plaintiff worked shifts lasting longer than eleven (11) hours, Plaintiff was not provided with any second meal period. A sample of Defendants' time records for Plaintiff shows shifts of eleven (11)-plus hours without any recordation of a second meal



**CROSNER LEGAL, P.C.**
92 Lenora Street, #179
Seattle, WA 98121
Tel. (866) 276-7637
Fac. (310) 510-6429

break on the following dates: July 31, 2024, September 25, 2024, and October 8, 2024.

31. Based on information and belief, Plaintiff was denied one or more compliant meal periods during workweeks contained in, including but not limited to, the following pay periods ending: June 24, 2023; July 8, 2023; July 22, 2023; August 5, 2023; September 2, 2023; August 3, 2024; September 28, 2024; and October 12, 2024.

32. Defendants did not compensate Plaintiff and Class Members with an additional thirty minutes of work time for instances in which they were not provided required, timely 30-minute uninterrupted meal periods.

33. Plaintiff and other Class Members were also at times denied required rest periods because they were required to work through part or all of their rest periods, take late rest periods or take rest periods that were shorter than ten minutes long. Plaintiff was not always provided with an off-duty rest period of at least ten (10) minutes for every four (4) hours worked, and Plaintiff was sometimes required to work more than three (3) consecutive hours without a compliant rest break. Based on information and belief, Plaintiff was denied one or more compliant rest periods during workweeks contained in, including but not limited to, the following pay periods ending: June 24, 2023; July 8, 2023; July 22, 2023; August 5, 2023; September 2, 2023; August 3, 2024; September 28, 2024; and October 12, 2024.

34. Defendants maintained no formal or reliable system for scheduling, tracking, or ensuring compliant rest periods.



**CROSNER LEGAL, P.C.**
92 Lenora Street, #179
Seattle, WA 98121
Tel. (866) 276-7637
Fac. (310) 510-6429

35. For example, based on information and belief, Plaintiff worked extended shifts on including but not limited to the following dates during which Plaintiff was denied one or more legally compliant rest periods per shift: July 31, 2024, September 25, 2024, and October 8, 2024.

36. Defendants failed to compensate Plaintiff for each missed or otherwise legally noncompliant rest period.

37. Defendants had no policy or practice to accurately schedule meal or rest periods, to allow Plaintiff and Class Members to record their missed or otherwise noncompliant meal and rest periods, or to compensate for missed rest and meal breaks.

38. Defendants' violations were willful and not a result of inadvertence or carelessness.

39. There was no bona fide dispute regarding the payment of wages.

**<u>Failure to Pay Minimum and Overtime Wages</u>**

40. Defendants engaged in a common course of failing to provide Plaintiff and Class Members with ten minutes of additional pay for each missed or otherwise noncompliant rest break and with thirty minutes of additional pay for each missed/otherwise noncompliant meal break, resulting in the deprivation of wages owed, in violation of Washington law, including but not limited to, the MWA.

41. Based on information and belief, at times, Defendants required Plaintiff and other Class Members to complete work tasks prior to clocking in for the start of shifts, after clocking out for the end of shifts, during unpaid meal periods and/or otherwise outside of



**CROSNER LEGAL, P.C.**
92 Lenora Street, #179
Seattle, WA 98121
Tel. (866) 276-7637
Fac. (310) 510-6429

scheduled shift times, resulting in Defendants' failure to compensate them for all hours worked and the underpayment of wages owed.

42. For example, Plaintiff was sometimes forced to complete work tasks prior to clocking in for the start of his shift, after clocking out for the end of his shift, during unpaid meal periods and/or otherwise outside of scheduled shift times, resulting in Defendants' failure to compensate Plaintiff for all hours worked and the underpayment of wages owed.

43. By way of further example, Plaintiff was at times required to complete pickup and delivery of equipment and/or complete other work tasks during unpaid meal periods without clocking back in, thereby completing compensable work for which Defendants made no record and provided no compensation. Based on information and belief, Plaintiff was required to complete off-the-clock work during one or more workweeks beginning on, including but not limited to, the following dates: the workweek beginning July 10, 2023, the workweek beginning July 17, 2023, and the workweek beginning July 31, 2023.

44. As described above, Defendants required Plaintiff and other Class Members to complete work tasks during meal periods which were not recorded, resulting in Defendants' failure to compensate them for all hours worked. Based on information and belief, other non-exempt hourly employees working in similar roles were also required to complete work tasks during their unpaid meal periods, similarly resulting in Defendants' failure to compensate those employees for all hours worked.

45. Based on information and belief, Defendants further deprived Plaintiff and other Class Members of all owed wages by failing to



**CROSNER LEGAL, P.C.**
92 Lenora Street, #179
Seattle, WA 98121
Tel. (866) 276-7637
Fac. (310) 510-6429

reimburse them for all necessary business expense incurred in carrying out their assigned job duties, such as, but not limited to, reimbursement for personal cell phone/device expenses and personal vehicle expenses. For example, Defendants required Plaintiff to download and use a timekeeping application on his personal cell phone/device. Defendants also required Plaintiff to use his personal vehicle to carry out his assigned job duties. However, Defendants' pay and personnel records for Plaintiff do not show any reimbursement for these business expenses.

46. Additionally, because of off-the-clock work, Plaintiff and other Class Members at times worked more than forty hours per week for which they were not paid overtime compensation. Based on information and belief, at times, Defendants further violated overtime laws by failing to incorporate all non-discretionary compensation (e.g., non-discretionary bonus/incentive pay, on-call supplemental pay and/or other non-discretionary compensation) into the regular rate of pay used to calculate the owed overtime rate, resulting in the miscalculation and underpayment of overtime wages owed. Based on information and belief, Defendants failed to incorporate all non-discretionary compensation into the rate of pay used to calculate the owed overtime rate, resulting in the miscalculation and underpayment of overtime wages during one or more of the following pay periods: pay period ending on November 25, 2023, and pay period ending on December 7, 2024.



**CROSNER LEGAL, P.C.**
92 Lenora Street, #179
Seattle, WA 98121
Tel. (866) 276-7637
Fac. (310) 510-6429

## Failure to Pay All Sick Leave

47. Defendants also failed to properly pay all owed sick leave by failing to incorporate all non-discretionary compensation when calculating the owed sick leave pay, thereby miscalculating and underpaying all owed sick leave pay, resulting in the deprivation of wages owed in violation of the MWA. For example, Defendants' pay records for Plaintiff for pay period ending on January 20, 2024 show that Defendants failed to incorporate all non-discretionary compensation into the normal hourly compensation used to calculate the owed sick time pay and instead paid all sick time pay at Plaintiff's base rate of pay, resulting in the miscalculation and underpayment of all sick time wages owed in violation of the MWA.

48. At times, Defendants failed to maintain adequate records of the hours worked and the missed, late and/or interrupted meal periods and rest periods for Plaintiff and other Class Members as required by RCW 49.46.070.

## FIRST CAUSE OF ACTION
**Failure to Compensate for Noncompliant Meal and Rest Periods**
**RCW 49.12; WAC 296-126-092**
**On Behalf of Plaintiff and Class Members**

49. Plaintiff re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

50. Under *Wingert v. Yellow Freight Sys., Inc.,* 146 Wn.2d 841, 847–51, 50 P.3d 256, 259–61 (2002), RCW 49.12 creates an implied cause of action for unpaid wages, including wages owed under duly promulgated regulations.

51. WAC 296-126-092(1) requires that employees receive a 30-minute



**CROSNER LEGAL, P.C.**
92 Lenora Street, #179
Seattle, WA 98121
Tel. (866) 276-7637
Fac. (310) 510-6429

meal period commencing no sooner than the second hour and no later than the fifth hour of the shift, and that no employee may work more than five consecutive hours without a meal period. Meal periods must be on the employer's time if the employee is required to remain on duty or on the premises.

52. WAC 296-126-092(4) requires that employees receive a 10-minute paid rest break for each four hours of work, scheduled as near as possible to the midpoint of the work period, and prohibits requiring employees to work more than three consecutive hours without a rest break.

53. "On the employer's time" means rest breaks are compensable. *Wingert*, 146 Wn.2d at 847–51, 50 P.3d at 259–61. Washington courts have further held that employers must pay for missed meal periods, *Pellino v. Brink's Inc.,* 164 Wn. App. 668, 690–93, 267 P.3d 383 (2011), and for missed rest breaks*, Chavez v. Our Lady of Lourdes Hosp. at Pasco,* 190 Wn.2d 507, 523–24, 415 P.3d 224, 230–31 (2018).

54. Most recently, the Washington Court of Appeals confirmed that the Industrial Welfare Act grants employees not only the right to a 30-minute meal break but also a distinct remedy for its deprivation: "30 minutes of wages is an appropriate measure of damages for such a deprivation." *Androckitis v. Virginia Mason Med. Ctr.*, 32 Wash. App. 2d 418, 430, 556 P.3d 714, 723 (2024), review denied, 4 Wash. 3d 1007, 563 P.3d 448 (2025). Similarly, employees are entitled to unpaid straight or overtime pay—as appropriate depending on the total number of hours—when they do not receive paid rest breaks. *Wash. State Nurses Ass'n v. Sacred Heart Med. Ctr.,* 175 Wn.2d 822, 832, 287 P.3d 516, 521 (2012).

55. Defendants failed to provide Plaintiff and Class Members with rest periods at required times and 30-minute uninterrupted meal breaks no later than the fifth hour of their shifts.

56. Defendants failed to compensate Plaintiff for all missed or otherwise



**CROSNER LEGAL, P.C.**
92 Lenora Street, #179
Seattle, WA 98121
Tel. (866) 276-7637
Fac. (310) 510-6429

legally noncompliant meal and rest periods.

57. Defendants maintained no policy or practice to ensure actual 30-minute breaks were taken for meals. Based on information and belief, at times, Defendants engaged in unauthorized time editing / time shaving and/or deducted at least thirty (30) minutes per shift for meal periods that were less than a full thirty minutes and/or otherwise noncompliant.

58. As a direct and proximate result of Defendants' violations and their willful intent to deprive Plaintiff and Class Members of all owed wages for all missed or otherwise noncompliant meal periods and rest periods, Defendants deprived Plaintiff and the Class Members of compensation in the amounts to be determined at trial, exemplary damages, interest, attorneys' fees, and costs.

## SECOND CAUSE OF ACTION
### Failure to Pay Minimum Wages
### RCW 49.46 et seq.
### On Behalf of Plaintiff and Class Members

59. Plaintiff re-alleges and incorporates by reference all allegations set forth in the preceding paragraphs.

60. Under RCW 49.46.090, employers must pay employees all wages to which they are entitled under the Washington Minimum Wage Act ("MWA"), RCW 49.46 et seq. If an employer fails to do so, the statute requires payment of the full amount of wages owed at the minimum wage rate, less any amounts already paid.

61. Defendants failed to pay Plaintiff and Class Members for all hours worked.

62. Defendants engaged in a common course of failing to provide Plaintiff and Class Members with ten minutes of additional pay for each missed or otherwise noncompliant rest break and with thirty minutes of additional pay for each missed/otherwise noncompliant meal break.



**CROSNER LEGAL, P.C.**
92 Lenora Street, #179
Seattle, WA 98121
Tel. (866) 276-7637
Fac. (310) 510-6429

63. Additionally, Defendants required Plaintiff and Class Members to complete off-the-clock work tasks, resulting in Defendants' failure to compensate Plaintiff and Class Members for all work time.

64. As explained herein, Defendants also deprived Plaintiff and other Class Members of earned wages by failing to reimburse for all necessary business expenses, resulting in the deprivation of wages owed in violation of the MWA. Based on information and belief, Defendants also failed to pay and/or properly accrue all owed sick leave/paid time off wages, resulting in the deprivation of wages owed in violation of the MWA. For example, as explained herein, Defendants failed to properly accrue all owed sick leave/paid time off wages by failing to incorporate all non-discretionary compensation, including but not limited to, when calculating the owed sick leave/PTO rate, resulting in the miscalculation of the owed sick leave/PTO rate and the deprivation of minimum wages owed in violation of the MWA.

65. Based on information and belief, at times, Defendants engaged in unauthorized time editing resulting in Defendants' failure to compensate Class Members for all hours worked and the underpayment of wages owed.

66. As a result of Defendants' unlawful acts, Plaintiff and the Class Members have been deprived of compensation in amounts to be determined at trial, and pursuant to RCW 49.46.090, are entitled to recover such amounts, including interest, attorneys' fees, and costs.

## THIRD CAUSE OF ACTION
## Failure to Pay Overtime Wages
## RCW 49.46.130
## On Behalf of Plaintiff and Class Members

67. Plaintiff re-alleges and incorporates by reference all allegations set forth in the preceding paragraphs.



CROSNER LEGAL, P.C.
92 Lenora Street, #179
Seattle, WA 98121
Tel. (866) 276-7637
Fac. (310) 510-6429

68. The MWA at RCW 49.46.130 states in pertinent part, "that no employer shall employ any of his or her employees for a work week longer than forty hours unless such employee receives compensation for his or her employment in excess of the hours above specified at a rate of not less than one and one-half times the regular rate at which he or she is employed."

69. The MWA entitles employees to "compensation for regular hours worked and for any overtime hours worked." *Stevens v. Brink's Home Sec., Inc.,* 162 Wn.2d 42, 47, 169 P.3d 473, 475 (2007). "Hours worked" is defined as "all hours during which the employee is authorized or required by the employer to be on duty on the employer's premises or at a prescribed work place." *Id.* (citing WAC 296-126-002(8)).

70. As set forth above, during workweeks in which Plaintiff and Class Members worked more than forty hours, inclusive of both hours worked when working through or during their breaks or for meal and rest periods that were not provided and any additional labor time owed for missed breaks, Defendants violated MWA by failing to pay Plaintiff and the Class Members at the overtime rate of 1.5 times their regular rate of pay for all hours worked in excess of 40 in such workweeks. *Wash. State Nurses Ass'n*, 175 Wn.2d at 832.

71. Based on information and belief, at times, Defendants also failed to incorporate all non-discretionary compensation into the regular rate of pay for purposes of calculating the owed overtime rates of pay, resulting in the miscalculation of the owed overtime rates and the underpayment of overtime wages owed. Based on information and belief, this miscalculation resulted in the underpayment of overtime wages for Plaintiff during pay periods ending, including but not limited to: November 25, 2023, and December 7, 2024.



**CROSNER LEGAL, P.C.**
92 Lenora Street, #179
Seattle, WA 98121
Tel. (866) 276-7637
Fac. (310) 510-6429

72. Based on information and belief, Defendants also failed to pay and/or properly accrue all owed sick leave/paid time off wages, resulting in the deprivation of wages owed, including but not limited to, overtime wages in violation of the MWA. For example, as explained herein, Defendants failed to properly accrue all owed sick leave wages by failing to incorporate all non-discretionary compensation, including but not limited to, on-call supplemental pay, when calculating the owed sick leave rate, which resulted in the miscalculation of the owed sick leave rate and the deprivation of overtime wages owed during those pay periods in which Class Members worked more than forty (40) hours in a workweek. Based on information and belief, this failure to incorporate all non-discretionary pay into the owed sick leave rate resulted in the underpayment of sick leave wages during pay periods containing the following dates, including but not limited to: January 20, 2024.

73. As a direct and proximate result of Defendants' violations and their willful intent to deprive Plaintiff and Class Members of overtime wages owed, Defendants deprived Plaintiff and the Class Members of compensation in the amounts to be determined at trial, exemplary damages, interest, attorneys' fees, and costs.

## FOURTH CAUSE OF ACTION
### Collective Action Claim — Fair Labor Standards Act
### 29 U.S.C. §§ 206, 207, 216(b)
### On Behalf of Plaintiff and the FLSA Class

74. Plaintiff re-alleges and incorporates by reference all allegations set forth in the preceding paragraphs.

75. Plaintiff brings this claim under the FLSA, 29 U.S.C. § 216(b), which authorizes private rights of action to recover damages for violations of the FLSA's wage and hour provisions.

76. Plaintiff brings this FLSA claim on behalf of himself and all similarly



**CROSNER LEGAL, P.C.**
92 Lenora Street, #179
Seattle, WA 98121
Tel. (866) 276-7637
Fac. (310) 510-6429

situated individuals employed by Defendants as non-exempt employees in the United States at any time within three years prior to the filing of this Complaint ("FLSA Collective"). Attached hereto as **Exhibit 1** is Plaintiff's Consent to Sue pursuant to 29 U.S.C. § 216(b), signed June 5, 2026. Other FLSA Class members may sign Consent to Sue forms and join as opt-in plaintiffs on this claim in the future.

77. At all relevant times, Defendants were "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce" within the meaning of the FLSA, 29 U.S.C. § 203, and, based on information and belief, grossed more than $500,000 in each of the last three calendar years.

78. Plaintiff and the FLSA Collective are or were employed by Defendants within the meaning of the FLSA, 29 U.S.C. § 203(e).

79. The FLSA requires each covered employer to compensate all non-exempt employees for all hours worked and to pay overtime at a rate of no less than one and one-half times the regular rate of pay for work performed in excess of forty (40) hours in a workweek. 29 U.S.C. §§ 206-207.

80. As alleged above, in violation of 29 U.S.C. § 206, Defendants failed to compensate Plaintiff and the FLSA Collective for all hours worked at the applicable minimum wage rate. Specifically, Defendants' off-the-clock practices deprived Plaintiff and the FLSA Collective of wages for compensable time, including but not limited to:

a. Time worked during meal periods that were interrupted or during which Plaintiff and FLSA Collective members completed required work tasks before clocking back in. Defendants had actual and/or constructive knowledge that Plaintiff and FLSA Collective were regularly performing work during these purported meal periods due to job demands and the absence of other available employees to complete the required tasks, yet Defendants failed to



**CROSNER LEGAL, P.C.**
92 Lenora Street, #179
Seattle, WA 98121
Tel. (866) 276-7637
Fac. (310) 510-6429

compensate them for this time. Based on information and belief, Plaintiff was required to complete work tasks during unpaid meal periods prior to clocking back in on one or more occasions during workweeks beginning on, including but not limited to, the workweek beginning July 10, 2023, the workweek beginning July 17, 2023, and the workweek beginning July 31, 2023; and

b. Time worked off-the-clock before clocking in for the start of shifts, after clocking out for the end of shifts, and/or otherwise outside of scheduled shift times, due to Defendants' job demands, for which Defendants failed to compensate Plaintiff and the FLSA Collective. Based on information and belief, Plaintiff was required to complete uncompensated work outside of recorded shift times on one or more days during workweeks beginning on, including but not limited to, the workweek beginning July 10, 2023, the workweek beginning July 17, 2023, and the workweek beginning July 31, 2023, including overtime wages owed for workweeks in which such uncompensated time caused Plaintiff's total hours worked to exceed forty (40) hours.

81. As alleged above, in violation of 29 U.S.C. § 207, Defendants failed to pay Plaintiff and the FLSA Collective at the lawful overtime rate of one and one-half times their regular rate of pay for all hours worked in excess of forty (40) in a workweek. Because of the off-the-clock work described above - including uncompensated time worked during meal periods and uncompensated pre- and post-shift work - Plaintiff and the FLSA Collective regularly worked in excess of forty (40) hours in a workweek without receiving proper overtime compensation for those excess hours. Based on information and belief, Plaintiff worked in excess of forty (40) hours without proper overtime compensation during workweeks beginning on, including but not limited to, the workweek beginning July 10, 2023, the workweek



**CROSNER LEGAL, P.C.**
92 Lenora Street, #179
Seattle, WA 98121
Tel. (866) 276-7637
Fac. (310) 510-6429

beginning July 17, 2023, and the workweek beginning July 31, 2023.

82. Additionally, based on information and belief, as explained herein, Defendants failed to incorporate all non-discretionary compensation into the regular rate of pay used to calculate the overtime rate owed to Plaintiff and the FLSA Collective who worked more than forty (40) hours in a workweek, in further violation of 29 U.S.C. § 207, resulting in the miscalculation and underpayment of overtime wages. Based on information and belief, this miscalculation affected Plaintiff during workweeks within pay periods ending, including but not limited to: November 25, 2023, and December 7, 2024.

83. Defendants failed to make a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff and the FLSA Collective. Defendants knew, or showed reckless disregard for the fact, that Plaintiff and the FLSA Collective were performing work without proper minimum wage and overtime compensation. This conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a), and the three-year statute of limitations therefore applies.

84. As a result of Defendants' willful violations of the FLSA, Plaintiff and the FLSA Collective are entitled to recover all unpaid minimum wages and overtime wages, liquidated damages in an equal amount pursuant to 29 U.S.C. § 216(b), pre-judgment interest, and such other legal and equitable relief as the Court deems just and proper.

85. Plaintiff, on behalf of himself and the FLSA Collective, also seeks recovery of attorneys' fees and costs of suit as provided by the FLSA, 29 U.S.C. § 216(b).

## PRAYER FOR RELIEF

Wherefore Plaintiff, on behalf of Plaintiff, Class Members, and the FLSA



**CROSNER LEGAL, P.C.**
92 Lenora Street, #179
Seattle, WA 98121
Tel. (866) 276-7637
Fac. (310) 510-6429

Collective, prays for judgment against Defendants as follows:

A. An Order that this action may proceed and be maintained as a class action, and certifying the Class as defined above for the Class period defined above;

B. An Order that Plaintiff's FLSA claim may proceed as a collective action pursuant to 29 U.S.C. § 216(b), and directing the issuance of Court-approved notice to all similarly situated members of the FLSA Collective with instructions permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b);

C. An award of damages to Plaintiff and Class Members in the amount of their missed and unpaid meal period and rest period wages, and for unpaid overtime wages for hours worked over 40 hours in a week;

D. An award of all unpaid minimum wages and overtime wages to Plaintiff and the FLSA Collective pursuant to the FLSA, 29 U.S.C. § 216(b);

E. An award of liquidated damages to Plaintiff and the FLSA Collective in an amount equal to the unpaid wages found due, pursuant to the FLSA, 29 U.S.C. § 216(b);

F. Exemplary damages in amounts equal to double the wages due to Plaintiff and Class Members pursuant to RCW 49.52.070 for any time during the Class Period;

G. Attorneys' fees and costs, as allowed by law, including 29 U.S.C. § 216(b), RCW 49.46.090(1), 49.48.030, and 49.52.070;

H. Prejudgment interest; and

I. All other relief this Court deems proper.



**CROSNER LEGAL, P.C.**
92 Lenora Street, #179
Seattle, WA 98121
Tel. (866) 276-7637
Fac. (310) 510-6429

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all claims so triable.

Dated: June 18, 2026

**CROSNER LEGAL, P.C.**

By: ______________________

Jamie K. Serb (WSBA No. 62065)
Matthew E. Crawford (WSBA No. 65147)
Crosner Legal, P.C.
92 Lenora Street, #179
Seattle, WA 98121
Telephone: (866) 276-7637
Facsimile: (310) 510-6429
jamie@crosnerlegal.com
mcrawford@crosnerlegal.com
Attorneys for Plaintiff,
ARTURO PALACIOS JR.

# EXHIBIT 1

# CONSENT TO JOIN COLLECTIVE ACTION AGAINST RDO EQUIPMENT COMPANY

*Arturo Palacios Jr. v. RDO Equipment Co.*

Name: *Arturo Palacios Jr.*______________________________

1. I hereby consent to join the collective action against RDO Equipment Co. ("RDO Equipment") to pursue my claims of unpaid wages during the time I worked for RDO Equipment.

2. I understand that these claims are alleged under the Fair Labor Standards Act ("FLSA"), and I consent to be bound by the Court's decision with respect to the FLSA claims alleged in the Lawsuit.

3. I confirm that I have worked for RDO Equipment at some point within the past three (3) years as an hourly paid, non-exempt employee of RDO Equipment in the State of Washington.

4. I confirm that I was not paid all wages owed, specifically: (1) time worked during meal periods that were interrupted, shortened to less than thirty (30) minutes, or missed entirely, for which RDO Equipment failed to compensate me for all hours worked and the underpayment of wages owed, including overtime wages when I worked more than forty (40) hours in a workweek; (2) time worked off-the-clock before clocking in for the start of shifts, after clocking out at the end of shifts, during unpaid meal periods, and/or otherwise outside of scheduled shift times due to RDO Equipment's job demands, for which I was not compensated, including overtime wages owed for workweeks in which such uncompensated time caused my total hours worked to exceed forty (40) hours.

5. I designate the law firm Crosner Legal, P.C. ("Plaintiff's Counsel") as my attorneys to prosecute my FLSA claims.

6. I consent to being a party Plaintiff and having Plaintiff's Counsel make all decisions regarding the litigation and any settlement. I understand that reasonable costs expended on my behalf will be deducted from any settlement or judgment amount on a pro rata basis among all plaintiffs. I understand that Plaintiff's counsel will petition the Court for reasonable attorneys' fees from any settlement or judgment obtained in the Lawsuit.

7. If needed, I authorize Plaintiff's Counsel to use this consent to re-file my claim in a separate lawsuit or arbitration against RDO Equipment Company or its affiliated entities.

| | |
|---|---|
| ______________________________ | 06 / 05 / 2026 |
| Arturo Palacios Jr. | Date Signed |